UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

FREDERICK BELCHER,
          *Defendant-Appellant.*

No. 02-4891

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-01-956)

Submitted: April 17, 2003

Decided: April 23, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Frederick Belcher pleaded guilty to cocaine base possession with intent to distribute, in violation of 21 U.S.C. § 841 (2000). Belcher was sentenced to 235 months incarceration and 5 years of supervised release. Belcher's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting three claims.

First, Belcher asserts the district court erred in conducting his plea colloquy. Because Belcher did not seek to withdraw his guilty plea in the district court, we review this claim for plain error. *United States v. General*, 278 F.3d 389, 393 (4th Cir. 2002). This claim is meritless. The district court did not err in conducting Belcher's plea colloquy. Fed. R. Civ. P. 11.

Second, Belcher asserts the district court erred in calculating his sentence. A sentencing court's factual determinations are reviewed for clear error, while its legal interpretation of the sentencing guidelines is reviewed de novo. *United States v. Bartley*, 230 F.3d 667, 669 (4th Cir. 2000). This claim is meritless. There was no error in Belcher's sentence. 21 U.S.C. § 841(b)(1)(B) (2000).

Third, Belcher asserts his trial counsel was ineffective. This claim is meritless. The record does not reveal Belcher's counsel was ineffective, and consequently, Belcher's claim must be raised in a habeas motion. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm Belcher's conviction and sentence. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*